UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MERCER,

                    Plaintiff,

          -against-

NEW YORK CITY HOUSING AUTHORITY,

                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/8/2022

1:21-cv-10503-GHW

ORDER OF DISMISSAL

GREGORY H. WOODS, United States District Judge:

          Plaintiff, who is appearing *pro se*, brings this action alleging that Defendant, the New York

City Housing Authority ("NYCHA") violated his rights.  By order dated December 13, 2021, the

Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*

(IFP).  The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

          The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous

or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack

Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the

Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

          While the law mandates dismissal on any of these grounds, the Court is obliged to construe

*pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.

2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special

solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings

still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to

make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Robert Mercer invokes the Court's federal question and diversity of citizenship jurisdiction.[1] He also purports to bring this action "pursuant to civil practice laws and rules section 214." (ECF 2, at 1.)

The following allegations are taken from the complaint. On February 27, 2019, a "court stipulation was issued to NYCHA," directing it to make a series of repairs to Plaintiff's apartment, including repairs to Plaintiff's mailbox. *Id.* at 1. Plaintiff has been "putting in tickets for a cylinder change for almost three years." *Id.* On June 18, 2021, Plaintiff received a receipt for the payment he made to make a copy of the mail key, but he has not "received a copy of the key or any word as to if and when [his] mailbox will be repaired." *Id.* at 2. Plaintiff sent notes to NYCHA management on November 1, 2021 and November 29, 2021, but still does not have a key to his mailbox.

Plaintiff alleges that NYCHA's failure to repair his mailbox caused him "stress, mental anguish, depression and loss of quality of life." *Id.* Plaintiff was not able to "respond to the courts

---

[1] Because both Plaintiff and Defendant are citizens of New York, Plaintiff fails to allege complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332.

in a timely manner," preventing him from "handling [his] work effectively." *Id.* In one instance, a court representative had to call him to confirm his address because a mailing was returned. Plaintiff's SSI case was denied because he was not able to respond to mailings because he "wasn't able to get into [his] mailbox willingly and in a timely manner." *Id.* Plaintiff also was unable to receive his "mail from welfare" in a timely manner, "ultimately causing the cancellation of [his] case." *Id.* Plaintiff alleges that he has had to endure "the mental anguish of having to track down the mailman to get [his] mail for the past two years" because "having to wait outside for the mailman for hours is very depressing." *Id.* Plaintiff is "not sure if it's because [his] mailbox cylinder is broken," but the "confusion is causing [him] an immense amount of stress, depression, headaches and mental anguish." *Id.*

Plaintiff maintains that under 24 C.F.R. § 5.703, NYCHA has an obligation to "maintain the integrity of its buildings and the safety of its tenants." *Id.* And that "Nycha's failure to act cause[d] the violation of 24 CFR 5.703." *Id.* at 3.

Plaintiff seeks $10 billion in damages.

## DISCUSSION

The Court construes the complaint as asserting claims under 42 U.S.C. § 1983 that Defendant violated his rights under 24 C.F.R. § 5.703, as well as his federal constitutional rights. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

## A.    Claims Under 24 C.F.R. § 5.703

Plaintiff alleges that NYCHA has violated his rights under 24 C.F.R. § 5.703. That regulation outlines the program requirements of the Housing and Urban Development program, and, among other things, requires "[a]ll areas and components of the housing [to] be free of health

and safety hazards," and all "dwelling units and common areas [to] have proper ventilation and be free of mold, odor . . . or other observable deficiencies." 24 C.F.R. § 5.703(f).

Courts within this Circuit have held that neither 24 C.F.R. § 5.703, nor a related statute setting forth housing policy, the Housing Act of 1937, 42 U.S.C. § 1437 *et seq.*, creates a federal right that is enforceable under § 1983. *See Davis v. N.Y.C. Hous. Auth.*, 379 F. Supp. 3d 237, 244-49 (S.D.N.Y. 2019) (holding that 24 C.F.R. § 5.703 and certain subsections of the Housing Act do not provide an actionable right under § 1983); *Alston v. Sebelius*, No. 13-CV-4537, 2014 WL 4374644, at *15 (E.D.N.Y. Sept. 2, 2014) ("Although the Second Circuit has not addressed this issue, numerous courts, including district courts in this Circuit, have routinely found that no private right of action exists under the Housing Act for the failure to enforce a landlord's compliance with housing quality conditions.") (collecting cases); *Bose v. City of New York*, No. 07-CV-2431, 2008 WL 564761, at *8 (E.D.N.Y. Feb. 27, 2008) ("[P]laintiff has failed to meet her burden in establishing that § 1437f(o)(8) of the Housing Act confers an individual right enforceable through a § 1983 action."); *Harris v. HUD*, No. 93-CV-0397, 1993 WL 276084, at *3 (S.D.N.Y. July 16, 1993) (Section 1437 is a "broad statement of policy [that] does not create a private right of action. In the first place, the declaration of policy commits the United States to help the States remedy the shortage of safe housing for low-income families, not to eliminate all danger from such housing. Second, this statement is the kind of general expression of policy that is not by itself sufficient to create rights in public housing tenants.").

The Court finds that Plaintiff does not have a private right of action enforceable under § 1983, and therefore dismisses Plaintiff's claims under 24 C.F.R. § 5.703 for failure to state a claim on which relief may be granted.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] That § 5.703 does not include an actionable right should come as no surprise to Plaintiff, as at least one other court in this District has dismissed claims brought by Plaintiff under § 5.703. *See*

**B.      Constitutional Claims**

The Court liberally construes Plaintiff's constitutional claims as alleging that he has a constitutional right to a functioning mailbox, and that by failing to fix his mailbox, NYCHA has interfered with Plaintiff's right to access the courts.

**1.      Right to a Functioning Mailbox**

Plaintiff's allegations suggest that he may be asserting that NYCHA is constitutionally obligated to provide him with a functioning mailbox.  The Court must dismiss this claim.  The existence of a constitutional right to be provided a functioning mailbox by a public housing authority such as NYCHA assumes a constitutional right to housing in the first instance.  But courts have long held that there is no constitutional right to adequate housing.  *See Lindsay v. Normet*, 405 U.S. 56, 74 (1972) ("We are unable to perceive in [the constitution] any guarantee of access to dwellings of particular quality . . . . Absent constitutional mandate, the assurance of adequate housing . . . [is a] legislative, not judicial, function[]"); *Richardson v. City of New York*, No. 12-CV-2545, 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2013) (holding there is no "government obligation to provide adequate housing") (quoting *Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624, 2009 WL 35074, at *3 (E.D.N.Y. Jan. 6, 2009)); *see also Kellier v. Acosta*, No. 20-CV-1058, 2020 WL 1435003, at *2 (S.D.N.Y. Mar. 23, 2020) ("[T]here is no constitutional right to a well-run shelter system."). Because there is no constitutional right to adequate housing, Plaintiff's assertion that NYCHA is constitutionally required to provide him with a functioning mailbox must be rejected.

---

*Mercer v. New York City Hous. Auth.*, No. 19-CV-8842, 2021 WL 230124, at *4 (S.D.N.Y. Jan. 22, 2021) (dismissing Plaintiff's claims under § 5.703 because that regulation contains no actionable right).

## 2.    Access to the Courts

Plaintiff alleges that his legal proceedings have been prejudiced due to his inability to receive mail.  These allegations, construed liberally, suggest he may also be asserting a claim that NYCHA's failure to repair his mailbox violated his constitutional right to access the courts.  "It is well established that all persons enjoy a constitutional right of access to the courts."  *Monsky v. Moraghan*, 127 F.3d 243, 246 (2d Cir. 1997).  To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim."  *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 35053 (1996).  To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions.  *See Harbury*, 546 U.S. at 415.  A mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation."  *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151- 52 (2d Cir. 1986)).

Here, Plaintiff names NYCHA as the sole defendant.  NYCHA is a municipal corporation with its own charter, and is treated as a municipality for the purposes of liability under § 1983.  *See Rivers v. New York City Hous. Auth.*, 176 F. Supp. 3d 229, 242 (E.D.N.Y. 2016), *aff'd sub. nom. Crenshaw v. New York City Hous. Auth.*, 697 F. App'x 726 (2d Cir. 2017).  When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing.  The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights.  *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental

body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such

deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash*

*v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).  In other words, to state a § 1983 claim against a

municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom,

or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's

constitutional rights.  *See Jones v. Town of East Haven,* 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty.*

*Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff alleges no facts suggesting that NYCHA itself had a policy, custom, or practice that

caused the violation of his constitutional rights.  For example, the complaint does not suggest that

NYCHA failed to repair mailboxes for the purpose of denying its housing residents access to the

courts.

Even if Plaintiff had named an individual defendant, he still fails to state a claim because he

does not allege that a defendant frustrated his ability to litigate his claims.  For example, Plaintiff

fails to allege that NYCHA (or anyone else) prevented him from using alternative methods to

monitor and pursue his case, such as contacting the courts or the SSI office.  Indeed, Plaintiff alleges

that court representatives and the SSI office called him to inform him that his mail was being

returned.  *See* ECF 2, at 2.  Moreover, Plaintiff alleges that, even though he found it "very

depressing," he actually *was* able to receive his mail by waiting for the mailman.  *Id.*  The Court

therefore dismisses Plaintiff's § 1983 access-to-court claim for failure to state a claim on which relief

may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.     State-law Claims

A district court may decline to exercise supplemental jurisdiction over state-law claims when

it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only

state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting.  *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.      Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  Because Plaintiff may be able to allege additional facts to state a valid access-to-court claim against the individual or individuals who allegedly violated his rights, the Court grants Plaintiff 30 days' leave to replead a viable access-to-court claim.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state-law claims that Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court grants Plaintiff 30 days' leave to replead a viable access-to-court claim.  If Plaintiff chooses to replead his claims, he must submit an amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-10503 (GHW).  An Amended Complaint form is attached to this order.  Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.  *See Fenner v. News Corp.*, No. 09 Civ. 9832 (BSJ)(RLE), 2011 WL 13359351, at *2 (S.D.N.Y. Apr. 26, 2011) (observing that "an amended complaint ordinarily supercedes the original, and renders it of no legal effect." (internal citation omitted)).  No summons will issue at this time.  If Plaintiff fails to comply within the time allowed, and if Plaintiff cannot show good cause to excuse such failure, the Court will enter civil judgment consistent with this order.

The Clerk of Court is instructed to leave this matter open on the docket until judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 8, 2022
         New York, New York

                                   _____
                                   GREGORY H. WOODS
                                   United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____              ____ Civ. _____ ( ____ )
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*                **AMENDED**
                                                                                   **COMPLAINT**

        **-against-**

_____              Jury Trial:  ☐ Yes       ☐ No
_____                                  (check one)
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*


**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
        identification number and the name and address of your current place of confinement.  Do the same
        for any additional plaintiffs named.  Attach additional sheets of paper as necessary.


Plaintiff        Name _____
                 Street Address _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____


B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual.  Include the address where
        each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
        contained in the above caption.  Attach additional sheets of paper as necessary.


*Rev. 12/2009*                                        1

Defendant  No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions            ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.   Where did the events giving rise to your claim(s) occur? _____

_____

B.   What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.   Facts: _____

_____

| What happened to you? |

_____

_____

_____

| Who did what? |

_____

_____

_____

| Was anyone else involved? |

_____

_____

_____

| Who else saw what happened? |

_____

_____

_____

_____

### IV.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff          _____

Mailing Address                 _____

                                _____

                                _____

Telephone Number                _____

Fax Number *(if you have one)*  _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


Signature of Plaintiff:        _____

Inmate Number                  _____


*Rev. 12/2009*                                          4