UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/2022
```

ROBERT MERCER,

                Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY,

                Defendant.

1:21-cv-10503-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action alleging that Defendant, the New York City Housing Authority ("NYCHA"), violated his rights. By order dated December 13, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses Plaintiff's amended complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Robert Mercer invokes the Court's federal question and diversity of citizenship jurisdiction.[1] He also purports to bring this action "pursuant to civil practice laws and rules section 214." Dkt. No. 10, (the "Amended Complaint"), at 1.

The following allegations are taken from the Amended Complaint. On February 27, 2019, a "court stipulation was issued to NYCHA," directing it to make a series of repairs to Plaintiff's apartment, including repairs to Plaintiff's mailbox. *Id.* at 2. Plaintiff has been "putting in tickets for a cylinder change for almost three years." *Id.* On June 18, 2021, Plaintiff received a receipt for the payment he made to make a copy of the mail key, but he has not "received a copy of the key or any word as to if and when [his] mailbox will be repaired." *Id.* at 2. Plaintiff sent notes to NYCHA management on November 1, 2021 and November 29, 2021, but still does not have a key to his mailbox.

---

[1] Because both Plaintiff and Defendant are citizens of New York, Plaintiff fails to allege complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332.

Plaintiff alleges that NYCHA's failure to repair his mailbox caused him "stress, mental anguish, depression and loss of quality of life." *Id.* Plaintiff was not able to "respond to the courts in a timely manner," preventing him from "handling [his] work effectively." *Id.* In one instance, a court representative had to call him to confirm his address because a mailing was returned. Plaintiff's "SSI case" was denied because he was not able to respond to mailings because he "wasn't able to get into [his] mailbox willingly and in a timely manner." *Id.* Plaintiff also was unable to receive his "mail from welfare" in a timely manner, "ultimately causing the cancellation of [his] case." *Id.* Plaintiff alleges that he has had to endure "the mental anguish of having to track down the mailman to get [his] mail for the past two years" because "having to wait outside for the mailman for hours is very depressing." *Id.* at 2–3. Plaintiff is "not sure if it's because [his] mailbox cylinder is broken," but the "confusion is causing [him] an immense amount of stress, depression, headaches and mental anguish." *Id.* at 3. Plaintiff maintains that under 24 C.F.R. § 5.703, NYCHA has an obligation to "maintain the integrity of its buildings and the safety of its tenants." *Id.* And that "Nycha's failure to act cause[d] the violation of 24 CFR 5.703." *Id.* at 3. Plaintiff seeks $10 billion in damages. *Id.* at 4.

Plaintiff filed his initial complaint on December 8, 2021. Dkt. No. 2. On January 8, 2022, this Court dismissed Plaintiff's complaint for failure to state a claim. Dkt. No. 5. The Court liberally construed Plaintiff's constitutional claims as alleging that he had a constitutional right to a functioning mailbox, and that by failing to fix his mailbox, NYCHA had interfered with Plaintiff's right to access the courts. In dismissing his complaint, the Court first explained that there is no federal right under 24 C.F.R. § 5.703(f) that is enforceable under 18 U.S.C. § 1983. *See* Dkt. No. 5, at 4. Second, the Court wrote that there is no constitutional right to housing or a mailbox, and that therefore Plaintiff's assertion that NYCHA is constitutionally required to provide him with a functioning mailbox must be rejected. *Id.* at 5. And third, the Court concluded that Plaintiff had

3

failed to include any facts to plausibly plead that NYCHA itself had a policy, custom, or practice that caused an alleged violation of his constitutional right to access the courts. *Id.* at 7. The Court therefore ordered the dismissal of Plaintiff's complaint but gave Plaintiff leave to amend the Complaint to provide factual support for any potential access-to-court claim. *Id.* at 9.

On February 23, 2022, Plaintiff filed a proposed amended complaint but failed to sign the proposed amended complaint as required under Rule 11 of the Federal Rules of Civil Procedure. Dkt. No. 8. The Court ordered Plaintiff to resubmit his proposed amended complaint with a signature. Dkt. No. 9. On March 6, 2022, Plaintiff filed his Amended Complaint, in compliance with Rule 11, and included the date and his signature. Dkt. No. 10.

## DISCUSSION

Plaintiff's Amended Complaint fails to remedy the deficiencies identified by the Court in its January 8, 2022 Order of Dismissal. *See* Dkt. No. 5. In fact, the Amended Complaint is virtually identical to the original complaint. Accordingly, for the reasons described by the Court in its January 8, 2022 Order, Dkt. No. 5, the Court dismisses the federal causes of action asserted in the Amended Complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the Court has already provided Plaintiff an opportunity to amend the complaint and it appears that the defects in Plaintiff's Amended Complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses all federal causes of action asserted in the Amended Complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state-law claims that Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail of a copy of this order by first class mail to Plaintiff, to enter judgment against Plaintiff, and to close the case.

SO ORDERED.

Dated:   March 23, 2022
         New York, New York

*[signature]*
GREGORY H. WOODS
United States District Judge